UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| Antonio Blanchard, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:20-cv-3023 |
| | ) | Hon. Marvin E. Aspen |
| Sonja Nicklaus, Warden, | ) | |
| Dixon Correctional Center, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION & ORDER

Petitioner Antonio Blanchard, a prisoner, filed a *pro se* petition for a writ of habeas

corpus under 28 U.S.C. § 2254, challenging his armed robbery conviction. He alleged that he is

in custody in violation of the Fourth, Sixth, and Fourteenth Amendments of the United States

Constitution. (Dkt. No. 1 at 5–20.) Before us is Respondent Sonja Nicklaus's motion to dismiss

Blanchard's petition for a writ of habeas corpus under Rule 4 of the Rules Governing § 2254

Cases in the United States District Courts. (Dkt. No. 10.) As set forth below, we grant the

motion and dismiss Blanchard's petition for failure to exhaust state remedies.

## BACKGROUND

On January 26, 2009, Blanchard was convicted of armed robbery in the Circuit Court of

Cook County, Illinois. (Dkt. No. 1 at 1.) He was later sentenced to forty years. (*Id*.) Blanchard

filed a direct appeal on the grounds that the evidence was insufficient to convict; the fifteen-year

firearm sentencing enhancement was improper; the trial court failed to inquire into his posttrial

claim of ineffective counsel and to appoint new counsel; and a presentence incarceration credit

should have been applied toward the imposed $30 Children's Advocacy Center fine. *People v.*

*Blanchard*, 2015 IL App (1st) 132281 ¶ 6. The Illinois Appellate Court affirmed both

Blanchard's conviction and sentence and modified his fines. *Id.* The Illinois Supreme Court

denied cert. *People v. Blanchard*, 949 N.E.2d 660 (Ill. 2011). Thereafter, the United States

Supreme Court also denied cert. *Blanchard v. Illinois*, 565 U.S. 987 (2011).

In December 2011, Blanchard filed a *pro se* postconviction petition before the trial court

alleging that: (1) his trial counsel had been ineffective because counsel did not raise the

argument that there had been a lack of probable cause for arrest, did not challenge the lineup

identifications, and did not challenge the physical evidence; (2) a detective had perjured himself

at trial; (3) the prosecution had introduced false evidence regarding a credit card that was

allegedly taken from a victim; (4) the trial court had erred in allowing the prosecution and

defense to make improper arguments during the inquiry into Blanchard's claims against his trial

counsel; and (5) he is innocent. *People v. Blanchard*, 2015 IL App (1st) 132281 ¶ 7. In

September 2012, Blanchard's counsel filed a supplemental postconviction petition, arguing that

the firearm sentencing enhancement violated the proportionate penalties clause. *Id.* ¶ 9. In

October 2012, Blanchard filed a *pro se* motion for leave to amend his petition and raised a

concern regarding the chain of custody of the victim's credit card, among other issues. *Id.* ¶ 10.

The State filed a motion to dismiss Blanchard's petitions that was then granted. *Id.* ¶ 11.

Blanchard appealed the trial court's dismissal of his petition for postconviction relief,

contending that his postconviction counsel had provided unreasonable assistance under Illinois

Supreme Court Rule 651(c). *People v. Blanchard*, 2015 IL App (1st) 132281 ¶ 1. Blanchard

contended his counsel had not reviewed certain trial exhibits that Blanchard believed were

critical to his *pro se* claims. *Id.* Blanchard also challenged certain fees that he had been

assessed. *Id.* The Illinois Appellate Court vacated the dismissal, modified the fines and fees

order, and remanded the action "to allow postconviction counsel to comply with the requirements of Rule 651(c), specifically as it relates to the exhibits referenced in defendant's postconviction petition and to allow a supplemental certificate to be filed, if requested." *People v. Blanchard,* 2015 IL App (1st) 132281, ¶¶ 19, 22–24.  The Illinois Appellate Court also directed that "[u]pon compliance with Rule 651(c)," the circuit court should "reconsider defendant's petition or amended petition." *Id.* ¶ 19.

According to Blanchard, on remand, he asserted new claims: "Willful and Wanton Misconduct, Collusion, by the Public Defender Office for Cook County, denied right to fair and impartial trial, DNA testing." (Dkt. No. 1 at 4.)  Blanchard's petition for postconviction relief was denied by the trial court and his appeal from that order remains pending in the Illinois Appellate Court.  *See People v. Blanchard*, Case No. 1-19-1311 (1st Dist. Ill. App. Ct.).

On May 21, 2020, Blanchard filed the petition before us for writ of habeas corpus under 28 U.S.C. § 2254 alleging that: (1) the State did not have probable cause to arrest him and improperly introduced falsified police reports to establish probable cause (Dkt. No. 1 at 5–7); (2) his trial and postconviction counsel were ineffective (*Id.* at 7–11); (3) his Sixth Amendment rights were violated because he was unable to confront all of the evidence (*Id.* at 9); (4) his trial was fundamentally unfair (*Id.* at 9–11); (5) his Fourteenth Amendment rights were violated because the trial court refused to appoint new counsel (*Id.* at 11–13); (6) the postconviction trial court improperly refused to consider certain DNA evidence (*Id.* at 14–15); and (7) the trial court was biased against him, and its rulings resulted in a miscarriage of justice (*Id.* at 16–19).

## STANDARD OF REVIEW

Before considering a § 2254 petition on its merits, a district court must make two inquiries: "whether the petitioner exhausted all available state remedies and whether the

petitioner raised all his claims during the course of the state proceedings." *See Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir. 1988). "If the answer to either of these inquiries is 'no,' the petition is barred either for a failure to exhaust state remedies or for a procedural default." *Id.* "In Illinois, this means that a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court." *Guest v. McCann,* 474 F.3d 926, 930 (7th Cir. 2007); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 838 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). If the district court discovers that the petitioner included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. *See Yeoman v. Pollard*, 875 F.3d 832, 836 (7th Cir. 2017) (*citing Rose v. Lundy*, 455 U.S. 509, 510 (1982)).

## ANALYSIS

Respondent argues that Blanchard's petition is procedurally barred for failure to exhaust by presenting certain claims before the state court. (Dkt. No. 10 at 4.) Under 28 U.S.C. § 2254, before a state habeas petitioner is allowed to pursue his claims in federal court, he must exhaust his remedies in the state courts. *See Yeoman*, 875 F.3d at 836. We agree with Respondent. Our review of Blanchard's petition indicates that Blanchard has not exhausted state-court remedies regarding most of his claims. The unexhausted claims are: (1) the State did not have probable cause to arrest him and improperly introduced falsified police reports to establish probable cause (Dkt. No. 1 at 5–7); (2) his postconviction counsel was ineffective (*Id.* at 7–11); (3) his Sixth Amendment rights were violated because he was unable to confront all of the evidence (*Id.* at 9); (4) his trial was fundamentally unfair (*Id.* at 9–11); (5) his Fourteenth Amendment rights were

4

violated because the trial court refused to appoint new counsel (*Id*. at 11–13); (6) the postconviction trial court improperly refused to consider certain DNA evidence (*Id*. at 14–15); and (7) the trial court was biased against him, and its rulings resulted in a miscarriage of justice (*Id*. at 16–19). He has only fully exhausted his remedies regarding his claim that his trial counsel was ineffective, which he appealed to the Illinois Supreme Court and then the U.S. Supreme Court. *Blanchard v. Illinois*, 565 U.S. 987 (2011); *see also People v. Blanchard*, 949 N.E.2d 660 (Ill. 2011) (denying petition for writ of certiorari). Since petitions for habeas corpus should bring all claims together, we dismiss Blanchard's petition without prejudice. *See Rhines v. Weber*, 544 U.S. 269, 273–74 (2005) (observing that federal courts are required to dismiss mixed petitions without prejudice so that petitioners may return to state court to present unexhausted claims there first); *Crutchfield v. Atchison*, No. 11-cv-1022-DRH-SCW, 2013 WL 4027093, at *5 (S.D. Ill. Aug. 7, 2013) (same).

District courts possess discretion to stay a mixed petition to allow the petitioner to present his unexhausted claims in limited circumstances for good reason. *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006); *see also Rhines*, 544 U.S. at 277. For example, such discretion is available when the statute of limitations is significantly tolled and dismissal without prejudice would effectively preclude petitioner from federal habeas review. *Dolis*, 454 F.3d at 724–25. A stay is unwarranted here because only 35 days have run on the one-year statute of limitations for filing a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1)(A) (the one-year limitations period begins "the latest of" several dates, including, "the date on which the judgment became final by the conclusion of direct review"). Blanchard's conviction became final on October 31, 2011, when the Supreme Court denied his certiorari petition, and he filed his postconviction petition on December 5, 2011. (Dkt. No. 1 at 3.) Thus, the limitations period for Blanchard's post-

conviction petition has tolled only 35 days.  Accordingly, Blanchard will have time to file a

timely federal petition after the conclusion of state-court proceedings, if it is necessary.

## CONCLUSION

We dismiss Blanchard's § 2254 petition without prejudice for failure to exhaust state

remedies.  It is so ordered.

_Marvin E. Aspen_

Honorable Marvin E. Aspen
United States District Judge

Dated: November 12, 2020
        Chicago, Illinois